# In the United States District Court
## for the
## Western District of Texas

| | |
|---|---|
| MATTHEW WILSON and JOSHUA TATE | § § § |
| | §   SA-13-CV-148-XR |
| v. | § § |
| ANDERSON PERFORATING, LTD. | § |

## ORDER

On this day came on to be considered Plaintiff's motion for conditional certification (doc. no. 14).

## Background

Plaintiffs bring this FLSA suit on behalf of themselves and other similarly situated employees pursuant to the "collective action" provisions of 29 U.S.C. § 216(b). Plaintiffs were employed as operators (otherwise known as riggers) for Defendant. Defendant provides well perforation services to the oil and gas industry.

Defendant paid its operators, including Plaintiffs, a base hourly rate, plus overtime at one-and-one-half times their base hourly rate, for hours worked over 40 in a workweek. In addition, Plaintiffs allege that Defendant paid its operators, including Plaintiffs, a non-discretionary commission of 2% of the revenue from each job. Plaintiffs allege that Defendant does not include these

non-discretionary commissions in calculating the employee's regular or overtime rates of pay.

## Analysis

The FLSA requires employers to pay employees a statutory minimum hourly wage. For each hour an employee works in excess of 40 hours in a given week, employers must pay an overtime wage that is at least one and one-half times the employee's regular rate.

Sums paid to employees in addition to their regular earnings are considered bonuses. All bonus payments must be included in the regular rate for purposes of computing overtime unless they can be characterized as discretionary. *See* 29 C.F.R. §§ 778.208, 778.211(c). *See also* 29 U.S.C. § 207(e), which requires inclusion in the regular rate of all remuneration except seven specific types of payments, one of which is discretionary bonuses.

## Analysis

29 U.S.C. § 216 permits an employee to bring an action against an employer "[on] behalf of himself ... and other employees similarly situated." Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. Accordingly, the method adopted by this Court for determining whether to certify a collective action under § 216(b)--the *Lusardi* two-tiered approach--involves a preliminary decision regarding notice to putative class members. In the first stage, called the notice stage, the District Court must make an initial determination whether notice of

2

the action should be sent to potential class members. This determination is based solely on the pleadings and affidavits, and the standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and who receive an opportunity to "opt in." "The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *See* U.S.C. § 216(b); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995).

Once conditional certification is granted, the case proceeds through discovery as a representative action. *Mooney*, 54 F.3d 1207, 1214. Upon completion of discovery, the defendant will typically file a motion for decertification. At this second stage of the analysis, the District Court should make a factual determination as to whether the putative class members are similarly situated. If so, then the representative action may proceed; if not, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims. *See Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754-55 (S.D. Tex. 2004).

Plaintiffs' pleadings are sufficient to allege a violation of the FLSA. Defendant argues the bonuses were discretionary and thus class certification is not appropriate. The Court makes no ruling as to whether the bonuses were discretionary or not at this stage. At this stage, the Court merely notes that

should Plaintiffs prevail on their argument that the bonuses were non-discretionary and overtime wages were improperly calculated, this finding would be applicable to a class of all operators or riggers as further defined below. As stated above, Defendant may later file any dispositive motion addressing their claim that the bonuses were discretionary.

For the foregoing reasons, the Court finds that Plaintiffs' allegations are sufficient to allow an initial conditional certification of the case as a collective action. The Class is defined as follows:

> All Persons employed by Anderson Perforating, Ltd d/b/a API Perforating as members of a Well Perforating Crew (commonly referred to as Operators or Riggers), other than the Crew Supervisor/Engineer, at any time from February 27, 2010 to _____ [Date Notice Disseminated] who received bonus and/or commission payment(s) during his or her employment with API Perforating.
>
> The Class Notice is modified to read as follows:
>
> What are my options?
> You can make a claim for additional wages by completing, signing and returning the enclosed Consent. If the Court finds in your favor, you may receive additional wages. If the Court does not find in your favor, you may receive nothing. To make a claim for additional wages, you must mail your Consent form so that it is postmarked by _____ [60 days from mailing of Notices]. Or you may fax your Consent form on or before [60 days from mailing of Notices]. Your Consent form should be mailed to: The Young Law Firm, P.C., 1001 South Harrison, Suite 200, Amarillo, TX 79101. Or you may fax it to (806) 398-9095. You may also choose not to make a claim. If you do not return your Consent form, you will not be a part of this case. You also have the right to seek advice or representation from a lawyer of your own choosing.

## Conclusion

The Court GRANTS, as modified, Plaintiffs' Motion for Conditional

Certification and For Notice to Potential Class Members (docket no. 14).

To facilitate the progression of this case through a final determination of the collective action status, the Court ORDERS Defendant to provide Plaintiffs with a list (in computer readable format) of the names and last known addresses (and the last four digits of their social security number)[1] of all individuals working as operators (as defined above) from February 27, 2010 to the present within fourteen (14) days of the date of this Order.  Upon receipt of said list by Plaintiffs, Plaintiffs shall send to potential class members the court- approved notice of this action (as modified by this Order) with a date-specific deadline for opting-in that is sixty (60) days from the date of the mailing of the notices.

It is so ORDERED.

SIGNED this 3rd day of July, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] Defendant is not required to provide last known telephone numbers.