IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW WILSON and § | | |
| JOSHUA TATE, Individually and § | | |
| On Behalf of all Others Similarly § | | |
| Situated, § | | |
| § | | |
| Plaintiffs § | | |
| § | | |
| v. § | CIVIL ACTION NO. 5:13-cv-148 | |
| § | | |
| § | | |
| ANDERSON PERFORATING, LTD § | | |
| d/b/a API PERFORATING § | | |
| § | | |
| Defendant § | | |

## OPT-IN PLAINTIFF JUSTIN DOBBS' MOTION FOR ENTRY OF FINAL JUDGMENT AND AWARD OF ATTORNEYS' FEES

Plaintiffs Matthew Wilson and Joshua Tate ("Plaintiffs"), Individually and On Behalf of all Others Similarly Situated, file this Opt-in Plaintiff Justin Dobbs' Motion for Entry of Final Judgment and Award of Attorneys' Fees and would show the Court as follows:

### I. SUMMARY

Based on recent communications, it appears that the parties may able to settle the claims, including the attorneys' fee claim, of Opt-in Plaintiff Justin Dobbs. However, because no such settlement has yet been finalized, in light of the requirements of Federal Rule of Civil Procedure 54(d) and Local Rule CV-7(j) that a claim for fees be made within 14 days after entry of judgment, and because "ambiguity and uncertainty" (Dkt. 41) exists about whether the Clerk's judgment of July 15, 2013 (Dkt. 42) is a final judgment, Plaintiffs file this motion.

## II. BACKGROUND

Beginning in mid-January, 2013, at the request of Mathew Wilson ("Wilson") and Joshua Tate ("Tate"), The Young Law Firm, P.C. and its co-counsel, the Law Offices of Brad Boyd, P.L.L.C. ("Plaintiffs' Counsel"), began an investigation into the compensation practices of Anderson Perforating, LTD d/b/a API Perforating ("API"). (EX. A, Young Declaration, ¶ 7.) On February 27, 2013, Wilson and Tate filed a collective action lawsuit against API on behalf of themselves and all others similarly situated seeking unpaid overtime compensation and liquidated damages for a three year period, and reasonable attorneys' fees and costs. (Dkt. 1, Complaint, ¶¶ 31, 36-37.)

Justin Dobbs ("Dobbs") retained Plaintiffs' Counsel on March 27, 2013, and the next day gave his written consent to join the lawsuit. (Young Decl., ¶ 9.) On April 15, 2013, Dobb's written consent to join the lawsuit was filed with the Court. (Dkt. 12.)

Over the next several weeks, Dobbs, along with Wilson and Tate, worked closely with Plaintiffs' Counsel in the preparation of Plaintiffs' Motion for Conditional Certification and Notice to Potential Class Members, in settlement discussions that took place during May and June of 2013, and in responding to Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction, which Defendants withdrew on July 23, 2013. (Young Decl., ¶ 11.) In addition to providing information to Plaintiffs' Counsel informally, Dobbs helped prepare and signed two sworn declarations used in supporting or opposing pending motions. (Dkt. 14-2 and 45-2.)

On June 14, 2013, Defendant served an Offer of Judgment to Wilson, Tate, and Dobbs, offering to pay full back wages (as calculated under 29 C.F.R. §778.209(b)) and full liquidated damages for a three-year period, plus "all costs and attorneys' fees now accrued." (Dkt. 29-1.) Of the $29,716.74, exclusive of fees and costs, $19,730.90 (approximately 66%) was offered to

Dobbs.[1] On June 28, 2013, Dobbs filed his Notice of Acceptance of Offer of Judgment (Dkt. 33).

From March 27, 2013, through June 13, 2013, the date Defendant's offer of judgment was made, The Young Law Firm, P.C. incurred attorneys' fees of $31,702.50, after exclusion of certain fees in the exercise of billing judgment. (Young Decl., ¶ 12.) The fees incurred are summarized in the table below, and are detailed on Exhibit 1 to the attached Declaration of Jeremi Young, which is incorporated as if fully set forth:

|  | Hours | Rate | Total |
| --- | --- | --- | --- |
| Jeremi K. Young | 60.9 | $395 | $24,055.50 |
| Rhonda K. Luginbyhl | 33.8 | $195 | $6,591.00 |
| Paralegals | 9.6 | $110 | $1,056.00 |
| **Total** |  |  | **$31,702.50** |

The fees itemized above were incurred for the common benefit of Justin Dobbs, Matthew Wilson, and Joshua Tate, who were the only three clients represented by The Young Law Firm, P.C. during the above-referenced period. (*Id.*, ¶ 13.)

In addition, Plaintiffs have incurred additional attorneys' fees in the amount of $4,503.50 in preparing to submit a claim for attorneys' fees on Dobbs behalf. (*Id.*, ¶ 14.) These fees are detailed on Exhibit 2 to the attached Declaration of Jeremi Young, which is incorporated as if fully set forth herein.

All of the above fees were necessary to the prosecution of the plaintiffs' claims. After a careful review of all billing entries from March 27, 2013 through June 13, 2013, and those expended in preparing the claim for Dobbs' attorneys' fees, in the exercise of billing judgment,

---

[1] The original offer to Dobbs was $19,657.50 . Defendant later offered an additional $46.40 to correct a spreadsheet error. (Dkt. 29, Fn. 2.)

Plaintiffs' counsel has no-billed certain entries that reflect the provision of clerical or secretarial services and has omitted various entries that, in counsel's judgment, would not be charged to a client on a hourly basis (e.g. attorney time spent on clerical tasks, unnecessarily duplicative entries, or those requiring excessive time). (*Id.*, ¶ 15.)

### III. MOTION FOR ENTRY OF FINAL JUDGMENT

As invited by the Court in its order of July 15, 2013 (Dkt. 41), Plaintiffs move the Court to enter a final judgment in favor of Justin Dobbs pursuant to Federal Rule of Civil Procedure 54(b). The Court may find and should find that there is "no just reason for delay." API has agreed to pay full back wages (as calculated as under 29 C.F.R. §778.209(b)) and full liquidated damages for a three-year period, plus "all costs and attorneys' fees now accrued." Dobbs has agreed to accept the amount offered, even though he disputes that the Defendant has properly calculated his damages.

Dobbs is not a representative plaintiff in this suit and has not assumed the responsibility of asserting claims on behalf of other persons. To the extent that the parties desire to request documents or testimony from Dobbs as the suit moves forward, they may do so using the discovery mechanisms available as to any non-party.

Finally, Defendant has recently indicated its intention to satisfy Dobbs' judgment, though the timing of that payment is unclear. (See EX. B, Email from John Smart of July 25, 2013.) As such, there is no just reason to delay entry of final judgment in favor of Dobbs.

### IV. MOTION FOR AWARD OF ATTORNEYS FEES

Plaintiffs' Counsel ask the Court to award one-third (1/3) of the total attorneys fees incurred from the date Dobbs retained counsel (March 27, 2013) until the date the offer of judgment was made (June 13, 2013), plus the amount incurred to draft this motion seeking fees.

The total amount sought is $15,070.50.

Under the FLSA, the award of attorneys' fees to prevailing plaintiffs is mandatory. The statute provides that "[t]he court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). A plaintiff prevails for purposes of a fee award, if he "has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit.'" *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-792 (1989) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (same).

Dobbs will receive back pay (as calculated by Defendant) and full liquidated damages for a full three-year period. As such, he prevailed in the litigation.

The lodestar method must be used to determine an award of reasonable fees. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 798 (5th Cir. 2006); *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990). To determine the amount of reasonable attorneys' fees, the court must first "calculate a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). There is a strong presumption that the lodestar figure represents the reasonable fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). "[H]owever, in exceptional cases the court may enhance or reduce the fee depending on the circumstances of the case and after weighing the twelve *Johnson* factors ... be[ing] careful, however, not to double-count factors that are already considered in the calculation of the lodestar fee." *Wright v. Blythe-Nelson*, No. Civ.A.3:99CV2522-D, 2004 WL

2870082, at *7 (N.D. Tex. Dec. 13, 2004) (internal citations omitted), *citing Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996).

    **A. Plaintiffs' Counsel's Hours and Rates are Reasonable.**

        *i. Hours*

From March 27th through June 13th, Plaintiffs' Counsel incurred slightly over 100 hours, including approximately 10 hours of paralegal time, after auditing the billing records to eliminate non-billable time.[2] As can be confirmed by a review of the fee itemization attached as Exhibit 1 to the Declaration of Jeremi K. Young, Plaintiffs' counsel kept detailed records of all time expended and rounded entries to the nearest one-tenth of an hour. All of this time was expended for the common benefit of the three plaintiff represented during that period. (Young Decl., ¶ 1.)[3] Insofar as Plaintiffs ask the Court to allocate one-third of the time expended to Dobbs, this is reasonable. *See Roussel v. Brinker Intern., Inc.*, CIV.A.H-05-3733, 2010 WL 1881898 (S.D. Tex. Jan. 13, 2010) *aff'd sub nom. Roussell v. Brinker Intern., Inc.*, 441 Fed. Appx. 222 (5th Cir. 2011) (awarding only slightly reduced fees in collective action originally comprised of 3,556 class members that was reduced to 55 class members after decertification—fees were approved even for time spent on behalf of plaintiff who were not parties to final judgment because Defendant failed to show the information obtained "yielded nothing that contributed to the ultimate success of the prevailing Plaintiffs.")

Adding to the reasonableness of fees requested are the results Dobbs helped obtain for

---

[2] The Young Law Firm, P.C. also incurred $5,632 in fees prior to Dobbs becoming a client on March 27, 2013, and although Justin Dobbs undoubtedly benefited from much of the work done during that period (e.g. case investigation, drafting of pleadings, etc.), no recovery is requested as to those fees.

[3] If one looks solely at the dollar amounts offered, Dobbs was offered 66% of the total and, in the opinion of Plaintiffs' Counsel, the Court might reasonably allocate an pro rata share of the total fees incurred. However, Plaintiffs seek only one-third of those fees.

other current or potential opt-in plaintiff and other persons who may never join this case. As a result of this lawsuit, API has paid out $2.5 million in unpaid overtime to 308 potential claimants. As such, as a result of the fees incurred, API's "actions to the extent that they were unlawful, have been exposed" and the judgment he has received "will have some precedential value in subsequent cases." *Roussel*, 2010 WL 1881898 at *9.

In addition to the fees incurred from March 27, 2013 through June 13, 2013, Plaintiffs' Counsel has incurred $4,503.00 (11.4 hours at $395/hr.) preparing this motion for fees. And "the case law is clear that reasonable fees incurred while seeking fees which have accrued in the process of pursuing a claim under the FLSA are, in fact, recoverable." *Liger v. New Orleans Hornets NBA Ltd. P'ship*, 05-01969, 2010 WL 3952006 (E.D. La. Aug. 3, 2010) *report and recommendation adopted*, CIV.A. 05-1969, 2010 WL 3951506 (E.D. La. Oct. 6, 2010) (*citing Batt v. Micro Warehouse, Inc.,* 241 F.3d 891, 894 (7th Cir.2001); 29 U.S.C. § 216(b).

### ii. Rates

In determining the lodestar amount, fees "are to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Green*, 284 F.3d at 662 (same). Reasonable hourly rates for a particular community are established by "either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates" from other attorneys practicing there who demonstrate familiarity with the rates charged by local attorneys and their ability and willingness to take on similar cases. *See Quintanilla v. A & R Demolition Inc.*, No. H-04-1965, 2007 WL 5166849, at *7 (S.D. Tex. May 7, 2007); *Watkins*, 7 F.3d at 458-459. The initial burden of proving the "market rate" is on the fee applicant; however, once the attorney provides evidence establishing his market

rate, the burden shifts to the defendant to demonstrate why a lower rate should be awarded. *Liger v. New Orleans Hornets NBA Ltd. P'ship*, 05-01969, 2010 WL 3952006 (E.D. La. Aug. 3, 2010) *report and recommendation adopted,* CIV.A. 05-1969, 2010 WL 3951506 (E.D. La. Oct. 6, 2010).

In another FLSA collective action litigated in this court, attorneys from a twelve-lawyer litigation firm in San Antonio submitted a sworn declaration attesting to reasonable hourly fees of $750 (for any attorney with more than 30 years experience) and $250 for an attorney with 12 years experience. (EX. C, Declaration of Mark W. Kiehne.) In the same litigation, Cox Smith submitted an affidavit attesting to reasonable hourly fees of $395 (for an attorney with approximately 19 years experience) and $285 for an attorney with 5 years experience. (EX. D, Affidavit of Ramon D. Bissmeyer.)

This Court has recently observed that the "2009 median hourly rate, however, for large San Antonio firms is $400." *X Technologies, Inc. v. Marvin Test Sys., Inc*., SA-10-CV-319-XR, 2012 WL 470208 (W.D. Tex. Feb. 13, 2012). In light of this evidence the rates charged in this matter by Plaintiffs counsel are reasonable. Lead attorney Jeremi K. Young (hourly rate of $395) has been licensed for 13 years, has extensive experience litigating wage and hour cases throughout Texas and the nation, and has represented thousands of employees in wage and hour cases. (Young Decl. ¶¶ 2, 3.) Rhonda Luginbyhl (hourly rate of $195), an associate with The Young Law Firm, P.C., has been licensed to practice law in Texas since 2010, and has participated in handling numerous wage and hour cases both as individual and collective actions. The paralegal staff at the Young Law Firm, P.C. (hourly rate of $110) also have years of experience in the unique facets of wage and hour litigation and lend substantial efficiency to the process.

For these reasons, the rates sought by Plaintiffs' counsel are reasonable.

### B. Application of the Johnson factors.

The Fifth Circuit has explained that "of the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel. The Supreme Court has twice made clear that 'the most critical factor' in determining the reasonableness of a fee award in a civil rights suit 'is the degree of success obtained.'" *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998), *quoting Farrar v. Hobby*, 506 U.S. 103, 114 (1992) and *Hensley*, 461 U.S. at 436 (other internal citation omitted). Application of the *Johnson* factors, including "the most critical one," demonstrates that Plaintiffs Counsels' adjusted lodestar is reasonable.

Though a dispute exists concerning the proper calculation of Dobbs' damages, the parties agree that the judgment he has obtained will afford him back pay and liquidated damages for three years, which is what he sought in this case. This is an exceptional result, to say nothing of his contributions to the conditional certification of this case as a collective action and to helping prompt the Defendant in this case to pay out $2.5 million to 308 potential claimants.

Plaintiffs do not contend that application of the remaining Johnson factors should yield either an increase on a decrease in the adjusted lodestar value at this stage of the litigation.

### C. Taxable Costs

Plaintiffs do not seek an award of cost on Dobbs' behalf.

### V. CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court grant this Motion, enter final judgment in favor of Dobbs, and to Plaintiffs' Counsel $15,070.50 in fees.

Respectfully submitted,

OPT-IN PLAINTIFF JUSTIN DOBBS' MOTION FOR ENTRY
OF FINAL JUDGMENT AND AWARD OF ATTORNEYS' FEES  9

**THE YOUNG LAW FIRM, PC**
By: /s/ Jeremi K. Young
**Jeremi K. Young**
State Bar No. 24013793
Rhonda Luginbyhl
State Bar No. 24074626
1001 S. Harrison, Suite 200
Amarillo, Texas  79101
(806) 331-1800
(806) 398-9095 (fax)
jyoung@youngfirm.com
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF CONFERENCE

On July 24, 2013, I called lead counsel for Defendant John Smart and was transferred to his voice mail. I left a message explaining that I wished to confer on a claim for attorneys' fees in connection with the Dobbs judgment. On July 25th, I emailed Mr. Smart asking that he call at his "earliest convenience, so that we may confer, as required by local rule, on Opt-in Plaintiff Justin Dobbs' Motion for Entry of Final Judgment and Award of Attorneys' Fees, which is due to be filed on Monday." In the same email, I explained that "I would like to discuss whether API is interested in settling the Dobbs matter prior to our taking a final judgment and commencing judgment registration and execution efforts."

On July 25th, Mr. Smart replied to explain that API would "be forwarding payment of the judgment for Justin Dobbs." He wrote "I will try to call you tomorrow to discuss the fee portion. I don't believe you'll need to pursue execution on the judgment given that we agreed to it voluntarily." (See EX. B, Email from John Smart of July 25, 2013.)

Mr. Smart did not call on Friday, July 26th, as he had hoped to be able to do. As such, although Plaintiffs' counsel attempted to confer with Defendant's counsel as required by Local Rule CV 7(j), the matter has not yet been resolved by agreement. I will continue to attempt to confer with Defendant's counsel on this matter and, assuming that an agreement can be reached, will promptly notify the Court and withdraw this motion.

By: /s/ *Jeremi K. Young*
Jeremi K. Young

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2013, the foregoing document was electronically transmitted to the Clerk of the Court for filing via the Court's ECF System, and service of Notice of Electronic Filing was made to the ECF registrants shown below:

By: /s/ *Jeremi K. Young*
Jeremi K. Young

**John D. Smart, Esq.:** jsmart@winstead.com
**Marcus D. Brown, Esq.:** mbrown@winstead.com

OPT-IN PLAINTIFF JUSTIN DOBBS' MOTION FOR ENTRY
OF FINAL JUDGMENT AND AWARD OF ATTORNEYS' FEES          11